United States District Court

For the Northern District of California

1

2

3                    UNITED STATES DISTRICT COURT

4                  NORTHERN DISTRICT OF CALIFORNIA

5

6

7   DR. NORRIS HOLLIE,

8            Plaintiff,                        No. C 10-5197 PJH

9       v.                                     **ORDER TO SHOW CAUSE**

10  CONCENTRA HEALTH SERVICES,
    INC.,

11

12           Defendant.
    _____/

13       TO DEFENDANT CONCENTRA HEALTH SERVICES, INC.: YOU ARE HEREBY

14  ORDERED TO SHOW CAUSE IN WRITING no later than December 17, 2010, why this

15  case should not be remanded for lack of subject matter jurisdiction.

16       In the notice of removal, defendant asserts jurisdiction under 28 U.S.C. § 1332, and

17  alleges that while plaintiff "does not plead with specificity the exact amount of damages he

18  seeks . . . it is facially apparent from the complaint that the claims are likely to exceed

19  $75,000. To support this claim that the amount in controversy is "facially apparent,"

20  defendant lists the various components of damages that plaintiff seeks in the complaint,

21  and cites legal authority allowing those types of damages (as well as attorney's fees) to be

22  considered in calculating the amount in controversy. However, nowhere does defendant

23  specify an amount in controversy or provide any facts showing why the court should find

24  that the amount in controversy in this case exceeds $75,000.

25       Federal courts are courts of limited jurisdiction, having subject matter jurisdiction

26  only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v.

27  Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be

28  removed to federal court if the federal court would have had original jurisdiction over the

1   suit.  28 U.S.C. § 1441(a).  However, a removed action must be remanded to state court if

2   the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of

3   establishing federal jurisdiction is on the party seeking removal, and the removal statute is

4   strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167

5   F.3d 1261, 1265 (9th Cir. 1999).

6         When the amount of damages plaintiff seeks is unclear from the complaint, the

7   removing defendant bears the burden of proving facts by a preponderance of the evidence

8   to support a finding that the amount in controversy exceeds $75,000.  Abrego Abrego v.

9   The Dow Chem. Co., 443 F.3d 676, 683 (9th Cir. 2006).  That is, the removing defendant

10  "must provide evidence that it is 'more likely than not' that the amount in controversy"

11  satisfies the jurisdictional amount requirement.  Sanchez v. Monumental Life Ins. Co., 102

12  F.3d 398, 404 (9th Cir. 1996).  A "mere averment" that the amount in controversy exceeds

13  $75,000 is insufficient.  Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).

14

15  **IT IS SO ORDERED.**

16  Dated:  December 9, 2010

17  _____
    PHYLLIS J. HAMILTON
    United States District Judge

18

19

20

21

22

23

24

25

26

27

28

2