United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HOLLIE,

Plaintiff(s),

v.

CONCENTRA HEALTH SERVICES, INC.,

Defendant(s).

_______________________________________/

No. C-10-05197-PJH (DMR)

**NOTICE OF REFERENCE AND ORDER RE DISCOVERY PROCEDURES**

TO ALL PARTIES AND COUNSEL OF RECORD:

The above matter has been referred to Magistrate Judge Donna M. Ryu for resolution of Plaintiff's Letter of November 28, 2011 ("Letter"), as well as all further discovery.

The Court **DENIES** the Letter without prejudice. Any joint letter regarding the instant discovery dispute (*see* section below entitled "Resolution of Discovery Disputes") shall be filed no later than **December 12, 2011.**

Parties shall comply with the procedures in this order, the Federal Rules of Civil Procedure, and the Northern District of California's Local Rules, General Orders, and General Standing Orders. Local rules, general orders, general standing orders, and a summary of the general orders' electronic filing requirements (including the procedures for emailing proposed orders to chambers) are available at http://www.cand.uscourts.gov. The parties' failure to comply with any of the rules or orders may be a ground for sanctions.

United States District Court
For the Northern District of California

**RESOLUTION OF DISCOVERY DISPUTES**

In order to respond to discovery disputes in a flexible, cost-effective and efficient manner, the Court uses the following procedure. The parties shall not file formal discovery motions. Instead, as required by the federal and local rules, the parties shall first meet and confer to try to resolve their disagreements. The meet and confer session must be ***in person or by telephone,*** and may not be conducted by letter, e-mail, or fax. If disagreements remain, the parties shall file a joint letter no later than five (5) business days after the meet and confer session. **Lead trial counsel for both parties must sign the letter**, which shall include an attestation that the parties met and conferred in person or by telephone regarding all issues prior to filing the letter. Going issue-by-issue, the joint letter shall describe each unresolved issue, summarize each party's position with appropriate legal authority; and provide each party's final proposed compromise before moving to the next issue. The joint letter shall not exceed ten (10) pages without leave of Court. In the rare instance that a joint letter is not possible, each side may submit a letter not to exceed four (4) pages, which shall include an explanation of why a joint letter was not possible. When appropriate, the parties may submit one exhibit to the letter that sets forth each discovery request at issue in full, followed immediately by the objections and/or responses thereto. No other information shall be included in any such exhibit. No other exhibits shall be submitted without prior approval by the Court. The Court will review the submission(s) and determine whether formal briefing or proceedings are necessary.

In emergencies during discovery events (such as depositions), any party may, after exhausting good faith attempts to resolve disputed issues, seek judicial intervention pursuant to Civil L.R. 37-1(b) by contacting the Court through the courtroom deputy. If the Court is unavailable, the discovery event shall proceed with objections noted for the record.

In the event that a discovery hearing is ordered, the Court has found that it is often efficient and beneficial for the parties if counsel appear ***in person***. This provides the opportunity, where appropriate, to engage counsel in resolving aspects of the discovery dispute while remaining available to rule on any disputes that counsel are not able to resolve. For this reason, the Court expects counsel to appear in person. Permission for a party to attend by telephone may be granted,

United States District Court
For the Northern District of California

in the Court's discretion, upon written request made at least two weeks in advance of the hearing if the Court determines that good cause exists to excuse personal attendance, and that personal attendance is not needed in order to have an effective discovery hearing. The facts establishing good cause must be set forth in the request.

**CHAMBERS COPIES AND PROPOSED ORDERS**

All filings relating to a discovery dispute referred to Magistrate Judge Ryu shall list the civil case number and the district court judge's initials followed by the designation "(DMR)."

Under Civil L.R. 5-1(b), parties must lodge an extra paper copy of any filing and mark it as a copy for "Chambers." Please three-hole punch the chambers copy and submit it to the Oakland Clerk's Office. In a case subject to electronic filing, chambers copies must be submitted by the close of the next court day following the day the papers are filed electronically. Any proposed stipulation or proposed order in a case subject to electronic filing shall be submitted by email to dmrpo@cand.uscourts.gov as a word processing format attachment on the same day that the document is e-filed. This address should only be used for this stated purpose unless otherwise directed by the Court.

**PRIVILEGE LOGS**

If a party withholds information that is responsive to a discovery request by claiming that it is privileged or otherwise protected from discovery, that party shall ***promptly*** prepare and provide a privilege log that is sufficiently detailed and informative for the opposing part(ies) to assess whether a document's designation as privileged is justified. *See* Fed.R.Civ.P. 26(b)(5). The privilege log shall set forth the privilege relied upon and specify separately for each document or for each category of similarly situated documents:

a. The title and description of the document, including number of pages or Bates-number range;

b. The subject matter addressed in the document;

c. The identity and position of its author(s);

d. The identity and position of all addressees and recipients;

United States District Court
For the Northern District of California

e. The date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s); and

f. The specific basis for the claim that the document is privileged or protected.

Failure to furnish this information promptly may be deemed a waiver of the privilege or protection.

IT IS SO ORDERED.

Dated: November 29, 2011

UNITED STATES DISTRICT COURT
IT IS SO ORDERED
Judge Donna M. Ryu
NORTHERN DISTRICT OF CALIFORNIA

DONNA M. RYU
United States Magistrate Judge